**In re PAIGE.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V90–58313.

Decided June 9, 1994.

*Michael J. Downing,* for the applicant.

*Lee Fisher,* Attorney General, for the state.

---

FRED J. SHOEMAKER, Judge.

This matter came on to be considered upon the Attorney General's appeal from the November 26, 1993 order issued by the panel of commissioners. On September 13, 1991, the single commissioner denied an award, finding that the applicant, Michael Paige, had failed to cooperate with law enforcement authorities and was engaged in an ongoing course of criminal conduct.

The panel of commissioners reversed the order of the single commissioner and found that the Attorney General had failed to prove that the applicant had engaged in contributory misconduct or felonious conduct which would bar an award of reparations pursuant to R.C. 2743.60(F) or 2743.60(E). Further, the majority of the panel of commissioners also found that the Attorney General failed to prove that the applicant failed to cooperate with law enforcement authorities.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part, the following:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

This court does not dispute the panel's findings that the Attorney General failed to prove by a preponderance of the evidence contributory misconduct or failure to fully cooperate by the applicant. However, the finding that the applicant did not engage in prior felonious conduct within ten years of the criminally injurious conduct is both unreasonable and unlawful. Uncontroverted testimony before the panel of commissioners reveals that the applicant admitted to being in possession of heroin within ten years of the criminally injurious conduct that gave rise to this claim. The references by the panel to a failure to document that the substance was heroin and the lack of a toxicology report to show heroin in his system are without merit.

R.C. 2925.01(L) defines "possess" or "possession" as "having control over a thing or substance * * *." Further, R.C. 2925.11, drug abuse, provides in pertinent part that:

"(A) No person shall knowingly obtain, *possess*, or use a controlled substance.
" * * *

"(C) Whoever violates this section is guilty of drug abuse, and shall be sentenced as follows:

"(1) If the drug involved is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marijuana, *drug abuse is a felony of the fourth degree,* and, if the offender previously has been convicted of a drug abuse offense, drug abuse is a felony of the third degree." (Emphasis added.)

As previously noted, applicant admitted to being in possession of heroin within ten years of the criminally injurious conduct that violates the above drug abuse statute.

R.C. 2743.60(E) provides that:

"(E) Neither a single commissioner nor a panel of commissioners shall make an award to a claimant who is a victim, or who claims an award of reparations through a victim, who, within ten years prior to the criminally injurious conduct that gave rise to the claim, was convicted of a felony *or who is proved by a preponderance of the evidence presented to the commissioner* or the panel to have engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim, in conduct that, if proven by proof beyond a reasonable doubt, would constitute a felony under the laws of this state, or the United States." (Emphasis added.)

This court finds that the admission of possession of heroin within ten years prior to the criminally injurious conduct proves by a preponderance of the evidence that the applicant has committed a felonious act.

Based upon the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable and unlawful. Therefore, this court sustains the Attorney General's objection, reverses the panel of three commissioners' decision and denies the applicant's claim.

*Claim denied.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.