**In re PORTER.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V91-60559.

Decided Nov. 30, 1994.

*Michael John Downing*, for the applicant.

*Lee I. Fisher*, Attorney General, for the state.

LEACH, Judge.

This matter came on to be considered upon the appeals by both the applicant and the Attorney General from the March 24, 1994 order issued by the panel of commissioners. On July 17, 1992, the single commissioner granted an award of reparations for work loss and denied any award for unreimbursed allowable

expense due to collateral source availability. The applicant, John Porter Jr., objected to this determination, and the matter was scheduled for hearing before a panel of commissioners.

After hearing the evidence presented and allowing the submission of post-trial briefs, the majority of the panel found that the Attorney General failed to prove that the applicant had engaged in felonious conduct within ten years prior to the criminally injurious conduct. Finding that the applicant was not eligible for collateral source recovery, a majority of the panel granted an award of reparations in the amount of $23,255.87 for unreimbursed economic loss.

The specific issues argued and addressed by the panel of commissioners were whether the panel may determine an issue that was not raised prior to a determination by the single commissioner and whether the Attorney General proved that the applicant had engaged in felonious conduct within ten years prior to the criminally injurious conduct.

■ The panel found, and the court agrees, that the hearing before the panel of commissioner is *de novo* in nature and it may hear and determine matters and issues raised by either the objecting or a nonobjecting party. R.C. 2743.55(A) provides, in pertinent part, that "a panel of court of claims commissioners shall hear and determine *all matters* relating to claims for an award of reparations." (Emphasis added.) See, also, *In re Martin* (1988), 61 Ohio Misc.2d 280, 578 N.E.2d 562.

■ However, the finding of the panel that there was not sufficient evidence to prove that the applicant engaged in felonious conduct within ten years prior to the criminally injurious conduct is unreasonable.

R.C. 2743.60(E) provides:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant who is a victim, or who claims an award of reparations through a victim, who, within ten years prior to the criminally injurious conduct that gave rise to the claim, was convicted of a felony *or who is proved by a preponderance of the evidence presented to the commissioner* or the panel to have engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim, in conduct that, if proven by proof beyond a reasonable doubt, would constitute a felony under the laws of this state, or the United States." (Emphasis added.)

A review of the facts in this matter shows that the medical records of Mt. Sinai Hospital, which document the medical care provided as a result of the criminally injurious conduct, reveal, in both the history and progress notes compiled by

hospital personnel during his treatment, that the applicant admitted to use of cocaine, a violation of R.C. 2925.11.

As previously held in *In re Paige* (1994), 66 Ohio Misc.2d 156, 643 N.E.2d 629, the admission of possession of heroin (or a controlled substance) within ten years prior to the criminally injurious conduct proves by a preponderance of the evidence that the applicant has committed a felonious act. The court finds that evidence contained within the medical records may be, as in this case, an admission of felonious conduct which requires exclusion from compensation by the Victims of Crime program pursuant to R.C. 2743.60(E).

Based upon the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable and unlawful. Therefore, this court grants the Attorney General's objection, reverses the majority decision of the panel of three commissioners, and denies the applicant's claim.

Upon review of the evidence, the majority decision of the panel of commissioners is determined to be unreasonable and unlawful and shall be reversed.

IT IS HEREBY ORDERED THAT:

1. The March 24, 1994 order of the panel of commissioners is REVERSED;

2. This claim is DENIED and judgment is entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.